Sonja D. Kerr, AK Bar No. 0409051
The Disability Law Center of Alaska
3330 Arctic Blvd., Suite 220
Anchorage, AK 99503
907-565-1002
907-565-1000 Fax
skerr@dlcak.org

## UNITED STATES DISTRICT COURT

## FOR THE STATE OF ALASKA

| | | |
|---|---|---|
| A.M. et al.        Plaintiff(s) | ) ) ) | Case No. A05-0179 CV (TMB) |
| Vs. | ) ) | |
| Fairbanks North Star Borough School District        Defendant(s) | ) ) ) ) | MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, JUDGMENT ON THE PLEADINGS |

**ORAL ARGUMENT
REQUESTED**

---

### INTRODUCTION

A.M. is a youngster with autism. His parents have brought this case before the

Court on appeal after the parties completed an administrative hearing before a

specialized hearing officer pursuant to the Individuals with Disabilities Education Act,

20 U.S.C. 1400, et seq., 34 C.F.R. Part 300, and Alaska state law.  At issue is whether

A.M. should have been denied a full day of preschool by the District based upon his

individual unique needs and consistent with all required procedures of the IDEA, or

whether the District's "one size fits all" approach may limit a child's program of

educational services to "what is available" within the District without regard to the

child's unique educational needs, and in disregard of procedures required to insure

A.M. v. Fairbanks North Star Borough School District                                    Page 1 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

meaningful parental participation in determining a child's length of school day. The IHO committed reversible error warranting reversal.

## PROCEDURAL HISTORY

The parents of A.M. have properly exhausted available administrative remedies by completing the administrative due process hearing, DEED Hrg. No. 05-26 held in April of 2004. IHO Gallagher issued her decision on July 1, 2005. Complaint, Ex. A, *IHO Decision*. Thus, aggrieved by the erroneous decision of the IHO, and consistent with the law, A.M.'s parents timely appealed to this Court on July 29, 2005. *Complaint*. Defendants answered on August 16, 2005. *Answer*. The IHO subsequently submitted the record and an Index of the Record on December 29, 2005. *IHO Index of Record ("IOR")*. No other substantive pleadings were filed by either party. The Index of Record ("IOR") prepared by the IHO lists the documents and the transcript from the administrative proceeding below. References to "IOR" refer to this index for the ease of the court. Transcript references are to the transcript from the administrative proceeding as well.

## GENERAL STRUCTURE OF THE IDEA

The Individuals with Disabilities Education Act, 20 U.S.C. 1400, 1415 requires that school districts receiving federal funds for the provision of special education services to children with disabilities follow certain requirements of the federal law. *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1469 (9th Cir. 1993). Its goal is "to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living...." 20 U.S.C. §

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                                    Page 2 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

1400. *W.G. v. Board of Trustees of Target Range School District*, 960 F. 2d 1479 (9th

Cir. 1992). The federal money is conditioned, however, on the agencies implementation

of the IDEA"s substantive and procedural requirements. *Shapiro v. Paradise Valley

Unified School District No. 69,* 317 F. 3d 1072 (9th Cir. 2003); *W.G. v. Board of

Trustees of Target Range School District*, 960 F. 2d 1479 (9th Cir. 1992); *Robb v. Bethel

Sch. Dist. #403*, 308 F.3d 1047, 1048-49 (9th Cir. 2002); *Christopher S. v. Stanislaus

County Office of Educ.*, 384 F.3d 1205, 1210 (9th Cir. 2004); *M.L. v. Federal Way,* 960

F. 2d 1479 (9th Cir. 2005); *Deal v. Hamilton*, 392 F. 3d 840 (6th Cir. 2004).

     The term "free appropriate public education" means special education and

related services that

    (A)    have been provided at public expense, under public supervision and
direction, and without charge;

    (B)    meet the standards of the State educational agency;

    (C)    include an appropriate preschool, elementary or secondary school education
in the State involved; and

    (D)    are provided in conformity with the individualized education program
required under section 1414(d).

20 U.S.C. 1401(8)(1997); 20 U.S.C. 1401(9).

     To implement the IDEA, the statute mandates certain procedural protections to

ensure meaningful parental participation in the process. The IDEA guarantees that

children with disabilities and their parents have procedural rights, which no state may

eliminate or reduce so that parents can enjoy "meaningful participation" with school

officials as they jointly develop programs for their child. 20 U.S.C. 1400(d); *M.L. v.*

A.M. v. Fairbanks North Star Borough School District             Page 3 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234        Fax 907-565-1000

*Federal Way,* 960 F. 2d 1479 (9th Cir. 2005); *Deal v. Hamilton*, 392 F. 3d 840 (6th Cir. 2004); *Shapiro v. Paradise Valley Unified School District No. 69,* 317 F. 3d 1072 (9th Cir. 2003); *W.G. v. Board of Trustees of Target Range School District*, 960 F. 2d 1479 (9th Cir. 1992). As the Supreme Court has explained:

> Parents are entitled to (1) **examination of all relevant records relating to the identification, evaluation, and educational placement of the child..…**(2) *prior written notice whenever the responsible educational agency proposes, or refuses, to change the child's placement*; (3) an opportunity to present complaints; and (4) and opportunity for an impartial due process hearing with respect to such complaints. *Honig v. Doe*, 484 U.S. 305, 311-12, 108 S. Ct. 592, 98 L.Ed. 2d 686 (1998). (Emphasis added.) 20 U.S.C. 1415(b)(1)(3). In this instance, the District committed procedural errors that denied A.M. a free appropriate public education.

First, the District did not ensure meaningful participation in the initial determination of length of day for A.M., and did not even provide A.M.'s parents with the only initial evaluation apparently relied upon as the only document to place A.M. at Weller Preschool on a ½ day basis. This was not provided to the parents until one year later. This made it impossible for the parents to effectively participate in developing the initial IEP or making a decision that Weller Preschool on ½ day basis only was appropriate or not. Thus, the parents did not have, as required, the opportunity to examine all relevant educational records about A.M. in violation of the IDEA. *Amanda J. v. Clark County*, 260 F. 3d 1106 (9th Cir. 2001) (failure to provide parents with evaluation stating child had severe autism seriously infringed with parental involvement at subsequent IEP meeting); *W.G. v. Board of Trustees of Target Range School District,*

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                                    Page 4 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

960 F. 2d 1479 (9th Cir. 1992) (parents entitled to have discussions about alternatives rather than a "take it or leave it" approach); *Deal v. Hamilton*, 392 F. 3d 840 (6th Cir. 2004) (parents entitled to meaningful participation and such participation denied when District simply refuses to consider parent options). Moreover, the initial IEP did not even indicate the amount of hours of service for A.M. – that part of the IEP is blank. IOR P. Ex. 4A, pg. 8. There was no true discussion about how long A.M.'s day would be in a meaningful way from the beginning.

When the parents, in October of 2004, began to ask about a full day program, the District once again simply said no. The District did not provide A.M.'s parents with Prior Written Notice at any time regarding its complete refusal of the parents request that A.M. be allowed to attend both a.m. and p.m. preschool to meet his unique educational needs. This is illegal. *Honig v. Doe*, 484 U.S. 305, 311-12, 108 S. Ct. 592, 98 L.Ed. 2d 686 (1998). (Emphasis added.) 34 C.F.R. 300.503 mandates the Prior Written Notice requirement and the evidence at hearing was unrefuted that Prior Written Notice was not given to the parents in October of 2004 when they specifically asked both in writing (twice) and in person that A.M. receive a full day of preschool. *W.G. v. Board of Trustees of Target Range School District*, 960 F. 2d 1479 (9th Cir. 1992) (parents entitled to have discussions about alternatives rather than a "take it or leave it" approach); *Deal v. Hamilton*, 392 F. 3d 840 (6th Cir. 2004) (predetermination of district as to programming denies parental participation and thus FAPE is denied); *M.L. v. Federal Way School District*, 394 F. 3d 634 (9th Cir. 2005) (procedural violations fatal to provision of FAPE).

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234       Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                                    Page 5 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

Finally, the District's did not determine, in any meaningful and individual way with A.M.'s parents, A.M.'s unique needs for a full day preschool program. Instead, the District denied A.M. the opportunity to receive preschool services in both the morning and afternoon not based upon A.M.'s unique needs but solely because the District simply did not provide full day programming for preschoolers with disabilities. *Doe v. Gonzales v. Maher*, 793 F. 2d 1470 (9th Cir. 1986), affirmed *Honig v. Doe*, 484 U.S. 305 (1988) (holding that any reduction in a child's school day must be based upon the child's individual unique needs); *Adams v. Oregon*, 195 F. 3d 1141 (9th Cir. 1999) (reduction of day for summer programming based upon teacher availability rather than child's needs violated IDEA.)

Because of these three significant procedural violations, which seriously interfered with parental participation in the IEP team process, and caused a loss of educational benefit – namely a full day program, A.M.'s education was very limited, resulting in little or no progress and, actually documented regression. The District denied A.M. a free appropriate public education.

The Court must reverse the IHO and award a proper remedy to A.M.

## STANDARD OF REVIEW

The United States Supreme Court has mandated that the IDEA ensure children with disabilities receive special education and related services according to their individual unique needs. Keeping this standard in mind at all times, this Court must review the administrative record of this case in a "de novo" fashion. *Seattle School Dist., No. 1 v. B.S.*, 82 F. 3d 1493, 1499 (9th Cir. 1996); *Livingston School Dist. Nos. 4 and 1 v. Keenan*, 82 F. 3d 912, 915 (9th Cir. 1996). The parents have the burden as they

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                                    Page 6 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

appeal this decision, but the Court may overturn erroneous conclusions of a hearing officer especially where, as here, the findings are neither careful nor consistent with the law. *Ojai Unified Sch. Dist. v. Jackson,* 4 F.3d 1467, 1469 (9th Cir. 1993).

The IDEA demands that this Court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. 1415(j)(2). The Court must review both the facts and the applicable law under a two part test first set forth by the United States Supreme Court in *Hendrick Hudson Dist. Bd. of Educ. v. Rowley,* 458 U.S. 176 (1982). First, has the State or District complied with the procedures set forth in the IDEA? This is called the "procedural" prong of the test. If that test is met then a Court considers the second prong, is the resulting IEP that has been developed <u>consistent with and through</u> the Act's procedures one which is reasonably calculated to enable the child to receive educational benefits, or what is often referred to as the "substantive" part of the test?

When, as here, the District has failed to comply with procedural requirements, a reviewing Court need not even reach the second prong of the *Rowley* test. *Amanda J.* v. Clark County, 260 F. 3d 1106 (9th Cir. 2001), *Shapiro v. Paradise Valley Unified School District No. 69,* 317 F. 3d 1072 (9th Cir. 2003); *M. L. v. Federal Way,* 394 F. 3d 634 (9th Cir. 2005). It is undisputed fact that the parents were not timely provided with the only evaluation completed by the school district to determine A.M.'s initial eligibility and that there was no meaningful discussion at the initial IEP meeting about how long a school day A.M. should have. He was assigned to Weller Elementary Preschool by someone "downtown" and Weller did not offer more than a ½ day

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                                                    Page 7 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

program. Both initially and later, in October 2004, when the parents specifically asked for a ½ day program, the District made its decision upon administrative convenience and program availability, rather than A.M.'s individual unique needs, and never explained "why" through the Prior Written Notice procedure (because the District did not use PWNs to notify parents about certain upcoming proposals or refusals), so the Court must conclude that the District violated the procedural prong of *Rowley*. The Court need not even reach the second prong of the *Rowley* test but must conclude that A.M. was denied a free appropriate public education by the District. And even if the Court were to specifically address the second prong, it is clear that the District violated the law. The IEP was not developed through the procedures as demanded by the first part of the test. And, it is also clear that A.M. made little or no progress from March of 2004 until the fall of 2004 and actually regressed. *W.G. v. Board of Trustees of Target Range School District*, 960 F. 2d 1479 (9th Cir. 1992) (parents entitled to have discussions about alternatives rather than a "take it or leave it" approach); *Amanda J.* v. Clark County, 260 F. 3d 1106 (9th Cir. 2001) (parents denied evaluation prohibited from meaningful participation although present at meeting), *Shapiro v. Paradise Valley Unified School District No. 69*, 317 F. 3d 1072 (9th Cir. 2003) (meaningful parental participation denied); *Deal v. Hamilton*, 392 F. 3d 840 (6th Cir. 2004) (predetermination of district as to programming denies parental participation and thus FAPE is denied); *M.L. v. Federal Way School District*, 394 F. 3d 634 (9th Cir. 2005) (procedural violations fatal to provision of FAPE). A.M. was denied a free appropriate public education by the District's "one size fits all" approach to preschool children with

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                    Page 8 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

disabilities. That cannot be consistent with the "individualized" approach guaranteed by the IDEA.

## FACTS

The Court may rely upon certain undisputed facts to determine this case. These facts are identified below. References are to the Index of Record ("IOR"), thus "IOR 14, T. 65" is Index of Record, Item 14, which is Transcript Vol. 1, at page 65 and "IOR 13, P. Ex. 3" is Index of Record, Item 12, which is exhibits of the parents, exhibit No. 3. Where it may be particularly helpful for the court, a copy is attached with the original numbering from the administrative hearing below.

**Fact No. 1.**     A.M. suffers from autism and because of this disability is entitled to a free and appropriate public education consistent with the Individuals with Disabilities Education Act, and he was so entitled to that education from the District prior to the filing of the administrative hearing below. Complaint, Par. 4 and 5; Answer, Par. 4.

**Fact No. 2.**     Kathie Kenaston, a District speech pathologist completed a very brief speech and language test of A.M. in February of 2004. IOR 13, P. Ex. 2A, pg. 2. His receptive and expressive language skills were significantly delayed. A.M.'s parents were not provided a copy of this report at the time, and received it over a year later in April of 2005. IOR 14, T. 65-66.

**Fact No. 3.**     It is the District's practice not to send parents Prior Written Notices before holding Individual Education Program ("IEP") meetings with the parents. IRO 14, T. 230.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234     Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                                     Page 9 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

**Fact No. 4.**    The parents went to a meeting on February 25, 2004 at Weller School and this was the very first special education meeting that they had ever attended. IOR 14, T. 110-111. The parents did not have a copy of Kathie Kenaston's report at the February 25, 2004 meeting. IOR 14, T. 116-117.

**Fact No. 5.**    At the February 2004 meeting, the group assembled did not discuss what programs or placements might be available for A.M. Rather, placement was decided before the parents went to the meeting. IOR 14, T. 113. No location or setting other than Weller Elementary special education preschool was considered. IOR 14, T. 114, T. 325-326. The decision to place A.M. at Weller Preschool was made "downtown" according to special education teacher Denise Newman. IOR 14, T. 116-119. The IEP form completed at the February 2004 meeting did not indicate the length of day. IOR P. Ex. 4A, pg. 8. Later a school staff assistance added the amount of time – 153 minutes per day. IOR 13, p. Ex. 2A, pg. 2. The Weller Elementary special education preschool had preset hours of just 10-13 hours per week of service per morning or afternoon session. IOR 13, P. Ex. 17, pg. 1.

**Fact No. 6.**    A.M. was only allowed to attend the Weller Elementary's a.m. preschool session for 2 hours and 45 minutes each day, 8:45 to 11:15 each day. [1] IOR 14, T. 114, T. 115, IOR 12, D. Ex. Q, pg. 12, and IOR 16, T. 706. A.M. was assigned to the a.m. session at the February 2004 meeting. The parents were not aware at this time that they could request both an a.m. session and p.m. session of preschool, although they had

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

---

[1]    A.M.'s bus transportation to Weller, including length of the ride of 1.15 hours each way for a total of 2.5 hours per day was determined exclusively by the bus company, not A.M.'s IEP team. IOR 15, T. 326, IOR 14, T. 176; T. 114, IOR 12, D. Ex. Q, pg. 12; and IOR 15, T. 706; T. 793

A.M. v. Fairbanks North Star Borough School District                    Page 10 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

suggested the afternoon session might be more appropriate for A.M. given his needs. IOR 14, T. 115.

**Fact No. 7.**    A.M. began attending Weller Elementary's special education preschool on March 11, 2004 when he was 3.6 years old. IOR 12, D. Ex. Q, pg. 12.

**Fact No. 8.**    Determination of the amount of service that A.M. would receive was not done at A.M.'s initial IEP meeting in February and according to staff testimony  is typically not done at the IEP meeting. IOR 16, T. 675-676, and IOR 13, P. Ex. 4, pg. 8.

**Fact No. 9.**    The IEP of February 2004, which governed A.M.'s services from March 2004 forward, did not contain any specific amount of service minutes. IOR 13, P. Ex. 4, pg. 8, and IOR 16, T. 675-676.

**Fact No. 10.**    At the hearing, the District submitted an IEP that included the service time, which was referenced as 153 minutes per day, which would be consistent with the 2.45 minutes per day of preschool service per day that A.M. was receiving. IOR 12, D. Ex. Q, pg. 12.  It was explained that a special education aide had completed this IEP after the fact.

**Fact No. 11.**    In June of 2004, the parents arranged for A.M. to be evaluated by Dr. Brennan, a developmental pediatrician. Brennan recommended that A.M. receive "intensive early intervention services." IOR 13, P. Ex. 13.  Dr. Brennan documented that A.M. had autism, ADHD, pica and disruptive behaviors. IOR 13, P. Ex. 13, pg. 8. He noted that A.M. had a wide variety of challenging behaviors including tantrums, safety issues, noncompliance and impulsivity. IOR 13, P. Ex. 13, pg. 8. Dr. Brennan gauged A.M.'s skills on the Childhood Autism Rating Scale (CARS) at a 29, indicating a moderate level of autism. IOR 13, P. Ex. 13, pg. 5.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                                    Page 11 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

**Fact No. 12.** Although attending the Weller Preschool half-day special education preschool, A.M. demonstrated regression in skills in the spring of 2004. IOR 16, T. 682; IOR 12, D. Ex. X., P. Ex. 9. and IRO 16, T. 796-797.

**Fact No. 13.** During the entire summer 2004, A.M. received just 12 days of ½ day preschool. IOR 14, T. 53.

**Fact No. 14.** During summer programming 2004, A.M. could not attend to any task for more than 30 seconds at a time. IOR 12, D. Ex. KK, P. 1.

**Fact No. 15.** In the fall of 2004, A.M. returned to Weller Preschool's half day special education preschool. His parents did not know they could ask for A.M. to go to a different school. IOR 16, T. 789.

**Fact No. 16.** Twice in early October 2004, A.M.'s mother, Mrs. A.M., wrote[2] to Denise Newman, A.M.'s teacher and asked to increase A.M.'s hours from just the ½ day session to a full day session.

Mrs. A.M. stated: "I think he really needs to be in both AM & PM preschool to increase the number of hours he gets intervention – ...." IOR 13, P. Ex. 30, Pg. 16. In another note, she stated, " however, I still feel he needs to attend both sessions." IOR 13, P. Ex. 30, Pg. 19.

Ms. Newman stated:

" Yes, doing both AM & PM would be wonderful. Unfortunately, we have to chose 1." Teacher Newman went on to state that: "I don't think

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

---

[2]    Because A.M. had difficulty communicating what happened at school and home, the parents and teacher had a communication notebook that went back and forth to school with him and in which they would write notes to each about his needs.

A.M. v. Fairbanks North Star Borough School District                                   Page 12 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

there are any PreK's in the district that have children attending both."

IOR 13, P. Ex. 30, pg. 19. (Enclosed for convenience of the Court).

No Prior Written Notice was ever sent to the parents about this refusal by the District in early October, 2004.

**Fact No. 17.**   On October 28, 2004, the parents went to a meeting with the District. The Special Education Director, Eve Lambert, was present. The parents asked that A.M. attend both morning and afternoon preschool. The parents were told that this was not available. Specifically, Linda Robertson, Special Education Pre-Kindergarten Director and Mrs. A.M. had the following exchange:

> Question 1A: Adam receives 13 hours per week of schooling. How was that chosen? Is it because that is what every one gets?
> Ms. Robertson: We do not have a full day pre-school program at this time. I am unaware of any at this time anywhere else in the country, or in the state of Alaska. I do not have the authority to make a decision for a full day program.
> Question 1B: Do you consider 13 hours to be effective for children with autism.
> Ms. Robertson: Anything greater than 13 hours would not be developmentally appropriate, including autism.

IOR 13, P. Ex. 17, pg. 1-2 (Enclosed);  IOR 14, T. 136-137.  Private speech therapist Sue Guinn was present at this meeting, testified that she recalled the discussion and that she believed that the request was reasonable. Guinn testified that FSD's reason for refusal was that they "did not have full day preschools for children with special needs." IOR 14, T. 206-207.

The District never sent the parents any Prior Written Notice about this refusal on October 28, 2004.

**Fact No. 18.**   On November 16, 2004, the parents were notified that nondisabled children would be allowed to attend the preschool classrooms at Weller Elementary.

IOR 13, P. Ex. 19. The parents were upset about this because they had asked for a full

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                                             Page 13 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

day of preschool and had been refused and yet non-disabled children were being added to the program. IOR 14, T. 136-137.

**Fact No. 19.** On December 10, 2004, the parents attended another meeting with the District. It was acknowledged at this meeting that A.M. had made little progress with the IEP that had been in place since February 2004. IOR 13, P. Ex. 20, pg. 2; P. Ex. 4, 7, 8, 9, 10, 14, 15, 17.

**Fact No. 20**. Erica Roest, an expert hired by A.M.'s parents, evaluated him in January of 2005 and wrote a report dated February 2005. IOR P. Ex. 4. She concurred with Dr. Brennan's June 2004 report that A.M. needed intensive services and recommended a total of 40 hours per week. IOR P. Ex. 4. Roest found that A.M. now demonstrated a 37 on the Childhood Autism Rating Scale (CARS) indicating that he was showing more severe signs of autism. IOR 13, P. Ex. 29, pg. 19.

**Fact No. 21**. As of February 2005, A.M. was not yet toilet trained. IOR 13, P. Ex. 4.

**Fact No. 22.** As of February 2005, A.M.'s communication skills were at just 2 years, four months, even though he was now 4.5 years old. IOR 13, P. Ex. 4., T. 333.

**Fact No. 23.** On February 15, 2005, the parents requested a special education due process hearing which became the administrative hearing in this process, DEED Hr. No. 05-26. IOR 11, and IOR 13, P. Ex. 23. As the parents were requesting the hearing, the District proposed a new IEP for A.M. The new IEP still contained only a ½ day program of preschool for A.M. The parents subsequently amended their hearing request. IOR 11, and IOR 13, P. Ex. 24, 24A, 34.

**Fact No. 24.** The parents removed A.M. from school programming in April 2005 to try an alternative program that they believed would provide A.M. with more intensity of

A.M. v. Fairbanks North Star Borough School District                                    Page 14 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234        Fax 907-565-1000

services. They requested services again from the District in May of 2005 and A.M. returned to the District in the fall of 2005. After the parents filed this action, in November of 2005, the parents moved to Indiana to obtain a program for A.M. Prior to doing so, they request another due process hearing on special education services for A.M. from May of 2005 through November of 2005. A decision is pending decision at this time. Attachment A. *DEED Hrg. 06-07, IHO's Order on Motion to Dismiss*.

## THE HEARING OFFICER'S FINDINGS

Despite the facts before her, both documentary and by testimony, the IHO erroneously concluded that the District had not denied A.M. a free appropriate public education. Although the parents requested a specific type of programming for A.M., known as "ABA" or "Applied Behavioral Analysis" at hearing, that issue is not raised on appeal. At hearing the parents specifically challenged the length of A.M.'s school day at the hearing, especially from October 2004 forward. They also alleged the District had failed to comply with the procedural requirements of the IDEA, including ensuring meaningful participation by the parents in meetings. IHO Dec. at 3-4. The IHO acknowledged that the District had not timely provided the parents with the initial eligibility evaluation, that the District had not provided the parents with prior written notice, that the District decided A.M.'s length of school day based upon the length of school day available in the District but amazingly still concluded that A.M. had not been denied a free appropriate public education. IHO Dec. at 24-25. The IHO erroneously concluded as a matter of law that procedural requirements were met. The IHO erroneously concluded that the parents were provided meaningful participation in the IEP process and that the length of school day for A.M. was designed to meet his

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234      Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                                          Page 15 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

unique needs. The parents challenged the IHOs' determination and findings on these points.

## ARGUMENT

I.   **THE IHO ERRED; THE DISTRICT DENIED A.M. FAPE BY PLACEMENT BASED ON DISTRICT PROGRAMMING NOT INDIVIDUAL NEEDS AND INTERFERED WITH MEANINGFUL PARENTAL PARTICIPATION IN THE PROCESS.**

A free appropriate public education is to be determined based upon the individual unique needs of each student, developed jointly with the parents, rather than predetermined based upon a District's available programming and merely informing the parents. The IDEA requires that parents be a part of the process such that any meetings are "meaningful." *W.G. v. Board of Trustees of Target Range School Dist.*, 960 F.2d 1479, at 1485 (9th Cir. 1992); *Deal v. Hamilton, 392 F. 3d 840* (6th Cir. 2004). The individual nature of such programming is the centerpiece of the IDEA and parents must be a real part of that process so that there is actual determination of the child's unique needs "jointly" with the parents. *Burlington Sch. Comm. v. Dept. Ed.*, 471 U.S. 359 (1985) (finding that the IEP is to be developed jointly by a school official, child's teacher, and parents and that in several instances the Act emphasizes the participation of the parents in developing the program and assessing its effectiveness.)

The IHO admits that the District decided the length of A.M.'s school day based upon the availability of programming in the District. The IHO states:

> "In October of 2004, mother requested that the student receive a full day of pre-school. This was denied because the District only offered half-day sessions to all of their pre-schoolers. No denial of FAPE resulted to the student from this. There was no testimony as to the total number of pre-schoolers, the number of teachers and classes and whether or not a full day of preschool would have been possible. There was testimony from Linda Robertson that she believed that a full day of school for a student

A.M. v. Fairbanks North Star Borough School District                    Page 16 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234          Fax 907-565-1000

of A.M.'s age was not developmentally appropriate. There was not consensus on this point." *IHO Decision, at pg. 20.*

The IHO missed the point of the evidence. The issue was not whether A.M. was somehow being singled out and not allowed to have a full day of preschool compared to other preschool children. The issue was that the District did not focus on A.M.'s unique needs to individually, based on his needs, determine the length of his school day nor jointly develop his program. Rather, the District merely informed the parents that A.M. was assigned to Weller for a ½ day of preschool and thus, attempted to put A.M. into a "one size fits all" half-day preschool program without regard to his individual unique needs. This is illegal and completely contrary to the entire purpose of the IDEA- an individual determination of the child's needs done in joint and meaningful fashion with the parents.

Later, in October of 2004, when Mrs. A.M. wrote the teacher and suggested A.M. have both "a.m. and p.m." session, the teacher responded that this would be "wonderful" but was not permitted. The parents must "choose 1." And, at the October 28, 2004 meeting when the parents asked administrator Linda Robertson, they were told the same thing- we do not do more than a ½ day of preschool for anyone. This is not an individual determination. This is "one size fits all" programming contrary to IDEA.

The Ninth Circuit has examined the issue of length of school day for a student with disabilities. In *Adams v. Oregon,* 195 F. 3d 1141 (9th Cir. 1999), the Court held that the number of hours of service for a student with disabilities must be contemplated by the child's IEP team and must be linked to his or her unique needs and developmental goals. The Court there examined a situation where a child with autism who was under age 3 was provided with just 12.5 hours of services per week based

A.M. v. Fairbanks North Star Borough School District    Page 17 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

upon a thorough evaluation, a specific determination as to his unique needs and a consensus as to his ability to tolerate longer programming. However, the same Court rejected a reduction of those services to just 7.5 hours per week when the reason for that reduction was not related to the child's individual unique needs but rather was based upon staff availability during the summer time. The Court explained:

> "Nevertheless, a reduction in the service hours offered by an IFSP, even when based upon misconduct arising from a child's disability, does not necessarily violate IDEA. Such a reduction in hours is valid in principle if it is contemplated by the child's IFSP and linked to his or her developmental goals. *See id.* However, if the reduction in hours is not linked to the child's unique needs, then the parents are entitled to reimbursement of expenditures made by the parents to obtain appropriate private services and tutoring. (Citations omitted)."

Here, the District did not reduce A.M.'s hours but refused to consider adding hours based primarily upon the district's preschool configuration, rather than based upon A.M.'s unique educational needs. This is impermissible. The IEP team, including the parents, was completely precluded from fully considering A.M.'s unique needs as to any longer day due to the District's service configuration system, and to determine the amount of services he required based upon his needs. The IHO completely erred to find that the IEP team could not even consider providing A.M. both a.m. and p.m. sessions was permissible because the District simply did not offer more than half-day sessions to all of its preschoolers. This is not an individualized approach based upon A.M.'s unique needs.

Moreover, because the District predetermined the length of school day, at the initial meeting when A.M. was assigned to Weller for a ½ day of preschool, and by the notes from the teacher in early October 2004 and at the October 28, 2004 meeting, the parents were essentially not really full participants in the process. The Ninth Circuit has

A.M. v. Fairbanks North Star Borough School District                                              Page 18 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234          Fax 907-565-1000

held in *Shapiro v. Paradise Valley Unified School District No. 69*, 317 F. 3d 1072 (9th

Cir. 2003) that:

> The importance of parental participation in the IEP process is evident. *See* 20
> U.S.C. § 1401(a)(20) (inclusion of parents in IEP team); 34 C.F.R. §
> 300.344(a)(3) (same); *Amanda J.*, 267 F.3d at 892 ("Procedural violations that
> interfere with parental participation in the IEP formulation process undermine
> the very essence of the IDEA."). As the Supreme Court made clear in *Board of
> Education v. Rowley:*
>
> It seems to us no exaggeration to say that Congress placed every bit as much
> emphasis upon compliance with procedures giving parents and guardians a large
> measure of participation at every stage of the administrative process ... as it did
> upon the measurement of the resulting IEP against a substantive standard. <u>458
> U.S. 176</u>, 205-06 (1982) (internal citations omitted).

Because the District presented the parents each time with a "fait accompli" of "we only

provide ½ day programming" there was no discussion about what A.M. needed or why.

When A.M. began services, the only documentation that the District had to support a ½

day of programming was the brief speech and language report by Ms. Kenaston. Later,

after the parents had shared with the District the June report from Dr. Brennan

emphasizing the need for "intensive programming", in October of 2004, Mrs. A.M.

tried to tell the school district in the notes to the teacher that she felt A.M. needed more

than a ½ day program. No one asked her why. The teacher acknowledged it would be

"wonderful" but then said it was impossible. This is not an individual determination of a

child's needs with the parents as the IDEA envisions. It is, instead, a predetermination

of services which is not permitted by the IDEA and which undermines the critical

purpose of involving parents in making joint decisions about the child's educational

program, including the length of day. *Deal v. Hamilton*, 392 F. 3d 840 (6th Cir. 2004).

Finally, the IHO ignored specific findings that A.M. had regressed during the

time he was attending the half-day program. The District's own teachers found A.M.

A.M. v. Fairbanks North Star Borough School District                                          Page 19 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234          Fax 907-565-1000

was at risk of regression or regressing in the spring of 2004. Erica Roest, the parent's expert, found A.M. had become "more autistic" based upon the autistic rating scale between June of 2004 and February of 2005. A.M. was not even toilet trained. A.M. had language skills at the level of a 2 year old and was not progressing. While there may be children with autism who do not need full-day preschool programming, A.M. is not one of them. To foreclose any possibility of full-day preschool programming for any child with a disability based upon administrative convenience and pre-existing programs is patently illegal. A District's service delivery system or administrative convenience simply cannot dictate a child's program or placement. See, 34 C.F.R. Part 300, Appendix A. Alaska has adopted both statutes and regulations to allow procedures and actions necessary with the requirements of the IDEA. A.S. 14.30.180, et sq., A.S. 14.30.278 (requiring an individualized education program) and regulations at 4 AAC 52.090, et sq., and see 4 AAC 52.140 (requiring an individualized education program to be developed by a team of people, including school staff and parents). According to the IDEA, Part 300, Appendix A (enclosed),

> "All services and educational placements under Part B must be *individually* determined in light of each child's unique abilities and needs, to reasonably promote the child's educational success. Placing children with disabilities in this manner should enable each disabled child to meet high expectations in the future." (**Emphasis added.**)

And

> "In all cases, placement decisions must be *individually* determined on the basis of each child's abilities and needs and not solely on factors such as category of disability, significance of disability, availability of special education and related services, configuration of the service delivery system, availability of space, or administrative convenience. Rather, each student's IEP forms the basis for the placement decision." (**Emphasis added.**)

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                    Page 20 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

Here, it is clear that the IHO's reason for upholding the length of day was based primarily upon her understanding of what type of preschool programs and placements the District had available. The IHO condoned a placement made not on A.M.'s unique needs but based upon factors such as availability of special education and related services, configuration of the service delivery system and administrative convenience. This decision is wholly and directly contrary to the IDEA and must be reversed.

## II.    THE IHO ERRED; THE DISTRICT ILLEGALLY DECIDED THE LENGTH OF THE SCHOOL DAY BY NOT PROVIDING PARENTS THE ONLY REPORT ABOUT ELIGIBILITY WHEN DETERMINING INITIAL PLACEMENT, DENYING MEANINGFUL PARENTAL PARTICIPATION.

The parents established at hearing that they had not received the only evaluation eligibility report completed by the District when A.M. was first admitted to the program in March of 2004 until over a year later, in 2005. This violated the IDEA. *Amanda J. v. Clark County*, 260 F. 3d 1106 (9th Cir. 2001) (failure to provide parents with evaluation stating child had severe autism seriously infringed with parental involvement at subsequent IEP meeting); *Shapiro v. Paradise Valley Unified School District No. 69*, 317 F. 3d 1072 (9th Cir. 2003) (procedural violations that interfere with parental participation undermine the essence of the IDEA). The parents had the right to this evaluation information before any initial placement at Weller Preschool so that they could be truly meaningful participants in developing programming for their son. For one part of the team – i.e. the teachers – to have information and the parents to not have such information is exactly what the IDEA seeks to prevent by the requirement that parents receive all educational records.

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234      Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                                    Page 21 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

It is undisputed that Ms. Kenaston briefly assessed A.M., but the parents were not given this report at the time. When A.M. was assigned to Weller for a ½ day of preschool, the decision was made "downtown" according to teacher Denise Newman, and the parents were then told to report to Weller. The location was selected by someone unknown. The amount of services time was predetermined, as the District had nothing to offer except ½ day preschool. IOR 13, P. Ex. 30, pg. 19; P. Ex. 17, pg. 1-2. The amounts of A.M.'s services were not even identified in the initial IEP. IOR 13, P. Ex. 4A, pg. 8. The document states that A.M. is to receive "pre academic pre k" at Weller PreK "5x" .. As to related services, the same document references that there will be speech and language services, but again does not indicate the amount of service time. IOR 13, P. Ex. 4A, pg. 8

Here the speech evaluation report would have been important for the parents. The speech therapist found that A.M.'s language skills were significantly impaired and the parents may have wished to requested additional testing or a specific amount of educational services (i.e. all day versus ½ day) and or a specific level of speech services had they known about the evaluation. Instead, the District did not provide the report and simply indicated to the parents "this is what we have."

Informing parents that this is the program and the services is not the meaningful involvement that Congress envisioned or of which the *Burlington* Court or the *W.G.* Court speaks. It is just like the *Amanda J.* case and as such, the Court must find it violated the parents' rights. This is particularly true, where, as here, the parents did not even have the report in March of 2004 when the initial placement at Weller was made. They received it in April of 2005 after they had asked for due process. Failing to give

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                                    Page 22 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

parents such information is a significant procedural violation and in this case reduced

the parents ability to meaningfully participate in the process from the outset.

### III.    THE IHO ERRED; THE DISTRICT VIOLATED PRIOR WRITTEN NOTICE AND DEPRIVED PARENTS OF MEANINGFUL PARTICIPATION.

Thirty years ago Congress placed in the IDEA the problem solving process

called, Prior Written Notice, which is part of the statute and part of the federal

regulations. 20 U.S.C.  1415. The U.S. Supreme Court has, more than once,

acknowledged the importance of Prior Written Notice. *Honig v. Doe*, 484 U.S. 305

(1988), *Schaffer v. Weast,* 126 S. Ct. 528 (2005).

The federal regulation is detailed and exacting so that parents can be fully

informed about why the District is proposing or refusing to do something in relation to

their child's education. This information is crucial for parents to understand and to

increase collaboration with the District in jointly developing a program.

§ 300.503 Prior notice by the public agency, content of notice reads:

(a) Notice. Written notice that meets the requirements of paragraph (b) of this section must be given to the parents of a child with a disability a reasonable time before the public agency—(1) Proposes to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child; or (2) Refuses to initiate or change the identification, evaluation, or educational placement of the child or the provision of FAPE to the child.
(b) Content of notice. The notice required under paragraph (a) of this section must include—
(1) A description of the action proposed or refused by the agency;
(2) An explanation of why the agency proposes or refuses to take the action;
(3) A description of each evaluation procedure, assessment, record, or report the agency used as a basis for the proposed or refused action;
(4) A statement that the parents of a child with a disability have protection under the procedural safeguards of this part and, if this notice is not an initial referral for evaluation, the means by which a copy of a description of the procedural safeguards can be obtained;

A.M. v. Fairbanks North Star Borough School District
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

Page 23 of 27

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

(5) Sources for parents to contact to obtain assistance in understanding the provisions of this part;
(6) A description of other options that the IEP Team considered and the reasons why those options were rejected; and
(7) A description of other factors that are relevant to the agency's proposal or refusal.

Here, the IHO again erred in not understanding the significance of the violations. She summarily indicated that while she found that the District had violated Prior Written Notice it was of no consequence. IHO Decision at pg. 23-24 states:

"I do not believe that the failure to follow the strict procedural requirements was of sufficient impact to impede the parents' ability to participate in IEP meetings and their child's education. I would suggest to the District that it review it's procedures regarding PWNs and paperwork in general so that this does not continue to be an issue. Prior is there for a purpose. At the meeting or after the fact is not sufficient."

The IHO is wrong as a matter of law. The IHO ignored the heart and purpose of "PWN"- so that parents are given a reason by the District as to any 'refusal' and that reason is based on evaluations of the student and the student's individual needs, not upon the services available in the school district.

In one of the earliest cases, *Honig v. Doe*, 484 U.S. 305 (1988) a case arising from the 9th circuit, the Court noted the importance of procedural safeguards, including "prior written notice" especially in cases where children were being excluded from school entirely because of disciplinary problems. Prior Written Notice is no less important when a District refuses such a basic request as "more time" which is what happened with A.M. There should be reasons and explanations as required by a Prior Written Notice for refusing a child with the serious disability of autism a full day of programming. The refusal ran counter to what the parents were being told by other professionals, such as Dr. Brennan and Erica Roest and speech therapist Sue Guinn. The

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234        Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                              Page 24 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

District never gave any reasons based upon A.M.'s individual unique needs for refusing a full-day for A.M., it just said it didn't have that programming. That is not sufficient Prior Written Notice.

Recently, the U.S. Supreme Court in *Schaffer v. Weast* recently reminded school districts of this fundamental requirement of Prior Written Notice under the IDEA. This is not a tiny or obscure requirement of which the District was not aware. It has been the law since the enactment of the IDEA. For the IHO to so callously disregard its importance is frightening and cannot be countenanced. These parents had the right to prior written notice when the District so deliberately and intentionally refused to change A.M.'s program from one of a ½ day to a full day. They had the right to know why the District refused. They had the right to know what evaluation procedure, assessment, record or report the agency used as the basis for its refusal. They had the right to know they could contest this by receiving procedural safeguards. They had the right to know all of the other options that the IEP considered, which, in this case, were none. They had the right to be made aware of any other factors that were related to the agency's refusal. This the District did not do. And it is a fundamental flaw for the IHO to recognize that the District violated PWN and nonetheless uphold their actions. One of the reasons PWN is so important in the IDEA problem solving process is that it is the main way that parents can be given information about why the District may disagree with what they believe is appropriate for the child. The chances of reducing conflict and disagreement is enhanced when parents have this information- when parents are meaningful participants in the process. *W.G. v. Board of Trustees of Target Range School District.*, 960 F. 2d 1479 (9th Cir. 1992) (parental input must be meaningful and procedural

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234        Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                                              Page 25 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

violations that interfere with parental participation can invalidate IEP); *Adams v. Oregon*, 195 F. 3d 1141 (9th Cir. 1999) (reduction of service hours without parental involvement and not based upon child's individual needs denied a free appropriate public education).

### IV.    THE IHO ERRED; A.M. WAS DENIED A FREE APPROPRIATE PUBLIC EDUCATION FOR LACK OF INDIVIDUALIZED PLANNING.

The IHO misunderstood the test as to procedural violations and to the impact of those violations on A.M.'s education. Because of the procedural violations and the District's "one size fits all" approach, rather than an individual approach, A.M. received minimal services –services of just 12.5 to 13 hours a week during the school year of 2003-2004. A.M.'s teachers found he was at risk of regression after just a few months in the program and recommended summer services, but again the District's policies came into play and they were only able to offer 12 ½ days of service throughout the summer. A.M.'s parents' expert, Erica Roest, found he had regressed as of February 2005. The amount of schooling matters for a child like A.M. and as there was no specific evidence that the amount of services for A.M. were based upon his unique educational needs, and regression is documented, the IHO erred in finding that A.M. was provided a free appropriate public education. For if a free appropriate program of education means anything, it means a lack of regression. By definition, regression and an extensive period of recovery of lost skills cannot be consistent with educational benefit. As the IDEA requires the District to provide sufficient specialized services so that the student benefits from the education. *Rowley*, supra. A rigid adherence to the amount of hours offered to a child with disabilities based on the District's available programming is

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                    Page 26 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings

simply contrary to law and does not take into account that children with autism may regress without sufficient hours of service. The IDEA requires *individually* determining, child by child what is needed, in conjunction and in a meaningful way with parents. This includes the number of hours of service that a child needs and such determinations must be based upon the child, not upon the service delivery system or availability of teachers or non-individual reasons. *Adams v. Oregon,* 195 F. 3d 1141 (9th Cir. 1999). The District made no such individual determination here consistent with the IDEA and A.M. was denied FAPE as a result.

Dated this 21st day of February, 2006.          Respectfully submitted,

                                        *Mk all  05 11091  for*
                                        Sonja D. Kerr, AK Bar No. 0409051
                                        The Disability Law Center of Alaska
                                        3330 Arctic Blvd., Suite 220
                                        Anchorage, AK 99503
                                        907-565-1002
                                        907-565-1000 Fax
                                        skerr@dlcak.org

Certificate of Service

I hereby certify that on the 21st day of
February, 2006, a copy of this document
was served electronically on:

Brad Owens
Jermain, Dunnagan & Owens
3000 A Street, Suite 300
Anchorage, AK 99503

*Mk all .*
Meg Allison

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002
1-800-478-1234    Fax 907-565-1000

A.M. v. Fairbanks North Star Borough School District                    Page 27 of 27
Case No. A05-0179 CV (TMB)
Memorandum in Support of Summary Judgment, Judgment on the Pleadings