SONJA D. KERR (AK BAR NO. 040091)
DISABILITY LAW CENTER OF ALASKA
3330 Arctic Boulevard, suite 103
Anchorage, Alaska 99503
Telephone: (800)478-1234/907-565-1002
Fax: 907-565-1000
Email: skerr@dlcak.org

## UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

| | |
|---|---|
| A.M., by and through his parents, R.M. and A.M.,<br>          Plaintiffs<br><br>vs.<br><br>Fairbanks North Star Borough School District,<br>          Defendants. | Case No. 05-0179cv<br><br>PLAINTIFFS' REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

### INTRODUCTION

This is Plaintiffs' Reply to Defendants' Response to Plaintiffs' Motion for Summary Judgment. The Court must reverse the IHO as her decision is legally flawed.

### STANDARD OF REVIEW

The District erroneously suggests the Court is bound by both the factual findings and conclusions of law of the IHO. (D. Brief, pg. 2). But, the law of the Ninth Circuit is that the Court has "de novo" review and that the amount of deference given to the IHO is a matter of discretion for the court. After a careful review of the findings, the Court is free to accept or reject the findings in part or in whole. *Gregory K. v. Longview School District*, 811 F. 2d 1307, 1314 (9th Cir. 1987); *Town of Burlington v. Dept. of Ed.*, 736 F. 2d 773 (1st Cir. 1984), aff'd, 471 U.S. 359, 105 S. Ct. 1996, 85 L. Ed. 2d 385 (1985). Given the egregious legal errors by the IHO, the Court must reverse.  Where, as here, the IHO has confirmed that there existed a "blanket policy"

prohibiting more than 13 hours a week of special education services for any preschool child with a disability, and where there was a lack of any individualized determination as to the amount of special education services A.M. needed, and egregious procedural errors have occurred and the Court must reverse. *Christopher S. v. Stanislaus County*, 348 F. 3d 1205 (9th Cir. 204); *Deal v. Hamilton*, 392 F. 3d 840 (6th Cir. 2005); *M.L. v. Federal Way School District*, 349 F. 3d 634 (9th Cir. 2005).

### DISTRICT'S  FAILURE TO FOLLOW FRCP RULE 56

The District filed a "Cross Motion for Summary Judgment" (Doc. 29/Doc. 30) which they contend is "both in opposition to plaintiffs' Motion for Summary Judgment as well as in support of its Cross-Motion for Summary Judgment." (D. Brief, pg. 1). The District raised no affirmative defenses in their Answer. Doc. No. 3.   Judge Sedgwick indicated that this case would be put before the Court with an opening brief by A.M., a response by the District and a reply by A.M. While cross-motions may be appropriate in an IDEA context, they were not ordered in this instance and the outcome of this procedural dilemma is unfair to the Plaintiffs. It is impossible to even know what FRCP applies to the length of this brief. L.Ak.R. 10.1(l)(either 25 pages in reply or 50 pages in opposition to Defendant's cross-motion for summary judgment). It is impossible to know if Defendants intend a further brief (as a reply) to their "motion." The Court should not allow any further brief by Defendants or if the Court is going to consider the April 3, 2006 as a defense motion for summary judgment and not just a reply, then Plaintiffs must be given a full opportunity to respond, including the ability to file a full 50 page response. FRCP 10.1(l).

A.M. v. F.S.D                                                                                      Page 2 of 9
Case No. 05-0179cv
Plaintiffs' Reply to Defendants' Response
to Plaintiffs' Motion for Summary Judgment

**ARGUMENT**

## I.    THE IHO APPROVED SERVICES BASED ON THE DEFENDANTS BLANKET POLICY AND DELIVERY SYSTEM, NOT ON A.M.'s INDIVIDUAL NEEDS.

The District concedes it had a blanket policy restricting special education services for any preschooler with a disability to just 13 hours per week, and available only in either an "am" or "pm" format.[1] This is patently illegal and to uphold this IHO's decision will be reversible error. *Christopher S. v. Stanislaus County*, 348 F .3d 1205 (9th Cir. 2004); *Deal v. Hamilton*, 392F. 3d 840 (6th Cir. 2004); *Tustin Unified School District*, 23 IDELR 109 (CA 1995); *Adams v Oregon*, 195 F. 3d 1141 (9th Cir. 1999).  The purpose of the IDEA is to develop an "individualized program" of education. 20 U.S.C. 1401. Some children with disabilities may need 40 hours a week of services, some may need 10 hours, some may need five. Some children may need three hours a week with 2 hours a day. Some may need services of one kind very day (like speech therapy) with services of another kind (like occupational therapy) only once a week.  It is absolutely the province of the IEP team to decide what the child's services should be. *ASD v. M.P.* (Alaska 2006)(Slip Op. Included). Because it is the role of the IEP team to determine the amount of services, a school district's blanket policy for the length of a school day for a child with a disability is completely illegal. *Christopher S. v. Stanislaus County,* 348 F .3d 1205 (9th Cir. 2004). Where a district admits the existence of such a policy, the Court must find ,as a

---

[1] In October of 204, mother requested that student receive a full day of pre-school.  This was denied because the District only offered half-day sessions to all of their preschoolers." D. Brief, pg. 10.  The Defendants also admit that the factual basis for this service delivery based refusal came from Ms. Newman, the school teacher, who told the parents that "the District did not provide a full-day program for any pre-school students." IOR 13, Ex. 30, p. 19; D. Brief, pg. 5.  Finally, the Defendants also admit that the only meeting where the amount of hours could have been discussed, in October of 2004, was not an IEP meeting. IOR 13, Ex. 17 p.1; D .Brief, pg. 5. Thus, it is clear that

A.M. v. F.S.D                                                                                        Page 3 of 9
Case No. 05-0179cv
Plaintiffs' Reply to Defendants' Response
to Plaintiffs' Motion for Summary Judgment

matter of law, that the child has been denied a free appropriate public education.[2]  This basis for denial is completely contrary to the entire purpose of the "individualized" approach to IEP development.

The District is not able to cite even one case permitting such a blanket policy because such cases do not exist. The District fails to respond to IDEA Part 300, Appendix A which requires that all services and placements be individually determined in light of each child's unique abilities and needs and that they cannot be based on "category of disability, significance of disability, availability of special education and related services configuration of the service delivery system, availability of services or administrative convenience." IDEA, Part 300, Appendix A at 3. The Ninth Circuit has repeatedly held that an individual determination of services based on the individual child is absolutely required. The IDEA's main purpose, according to the Ninth Circuit, is to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs ...and to ensure that the rights of children with disabilities and parents of such children are protected." *Robb v. Bethel Sch. Dist. # 403,* 308 F.3d 1047, 1048-49 (9th Cir.2002). In *Christopher S. v. Stanislaus County*, 348 F. 3d 1205 (9th Cir. 2004),

---

Plaintiffs' contention that the length of day and amount of hours of special education for A.M. was not an individual determination based on his unique educational nee.

[2] A.M.'s Complaint asserts that he was denied the opportunity to attend a full day of preschool primarily because of the District's service delivery system, which limited pre-school programming to 13 hours per week (half-days). Complaint, Par. 9, 10, 11, 12. The District has put forth no evidence to refute this assertion and fact. Therefore, the Court must accept as fact that the District service delivery system during the 2003-2004 school year was to offer either a morning or afternoon preschool session to children with disabilities, but not both, and that the service delivery system as limited to 13 hours per week for any preschool child with a disability, regardless of his or her unique needs.

A.M. v. F.S.D                                                                    Page 4 of 9
Case No. 05-0179cv
Plaintiffs' Reply to Defendants' Response
to Plaintiffs' Motion for Summary Judgment

the Ninth Circuit examined the claim of some students with autism whose school day was shorter than the day of their non-disabled peers. The Court explained that a blanket policy determining the length of a school day is illegal under the IDEA for three reasons. First, a blanket policy dictating the length of a school day is a decision made outside of the mandated IEP team process. Second, a blanket policy denies parental involvement in the IEP decision-making process because the amount of time, the length of the days, the number of days of service are already decided by the District's blanket policy for the length of school day. Third, an "across-the-board" decision has nothing to do with the content of the child's individual IEP, and thus, there is simply no individualized decision for the child based upon the individual child's needs. The instant case is very similar to the one decided by the Court in *Christopher S. v. Stanislaus*, supra .The District admits that A.M.'s preschool teacher said that a full day would be "wonderful" but "impossible." This was not an individual determination of A.M.'s unique educational needs; rather it was the imposition of a blanket policy of the number of hours to be offered to any preschool child with a disability. And that is illegal under the IDEA.

## II.    AN INDIVIDUAL DETERMINATION IS NOT MAXIMIZATION.

The District completely misconstrues a line of cases that explain a school district need not provide a child with the very best education, by asserting that A.M.'s insistence on an "individually" determined program is maximization. That is not the law. A.M. is demanding only what he is entitled to - a determination of the amount of his special education service hours based upon his individual unique needs rather than a blanket policy. The cases cited by the District do not even reach the issue of a blanket policy. In *Gregory K. v. Longview school District*, 811 F. 3d

A.M. v. F.S.D                                                                                    Page 5 of 9
Case No. 05-0179cv
Plaintiffs' Reply to Defendants' Response
to Plaintiffs' Motion for Summary Judgment

1307 (9th Cir. 1987), there was no blanket policy at issue. The child in *Gregory K.* had varying

degrees of abilities - he was fairly strong in math but weak in other academic areas. *Gregory K*'s

IEP team decided he would go to regular education math classes but go to special education for

other academic needs. This was an individual determination made through the IEP team process

that, as the Court recognized in *Gregory K.* was based upon the child's "strengths and

weaknesses". In complete contrast, here, is the imposition of the blanket policy of 13 hours per

week for A.M. The District had a blanket policy that allowed only 13 hours per week for special

education services for preschoolers, only ½ days and only 2.5 hours per day. A child could not

go to both an a.m. and p.m. preschool session. A child could not have 3 hours one day and 2

hours the next. A child could not go to school four hours a week and receive all 13 hours in those

4 days. The rule was an a.m. or p.m. session of 2.5 hours period. Thus, when A.M.'s mother

asked for afternoon instead of morning, the request was denied. When A.M.'s mother asked for

the ability to attend both morning and afternoon, the teacher summarily refused. When the

parents asked for both morning and afternoon in the course of the hearing, the IHO refused

because "the District only offered half days." A.M.'s IEP team did not decide the length of his

school day - the blanket district policy did.

## III.    PROCEDURAL ERRORS DENIED FAPE.

The District claims that its failure to provide the parents with a copy of the only

evaluation of A.M. did not deny FAPE nor did the District's failure to provide them a PWN

about his services being limited to the District's blanket policy.  But when the procedural

inadequacies of the IEP "may" have resulted in the loss of an educational opportunity, or "may"

A.M. v. F.S.D                                                                                                    Page 6 of 9
Case No. 05-0179cv
Plaintiffs' Reply to Defendants' Response
to Plaintiffs' Motion for Summary Judgment

have deprived the parents of the opportunity to participate meaningfully in forming an IEP, then the Court does not even get to the substance of the IEP that the District developed.   *M.L. v. Federal Way*, 394. F. 3 634, 645 (9th Cir. 2005); *ASD v. M.P.*, Slip Op. at 13.

The Ninth Circuit has held that where parents are deprived of evaluation information, the IEP developed during that process cannot be sustained as a matter of law. *Amanda J. v. Clark County,* 260 F. 3d 1106 (9th Cir. 2001). It is "void." *Id*. The reason, of course, is that parents did not have the same information as the District when the parties sat down to write the first IEP, the parents could not have participated meaningfully in the development of the IEP. We do not know what the parents would have done with the information; they might have asked for other evaluations, they might have asked for different services, they might have asked for more services more quickly instead of waiting until October of the following year. As a matter of law, the Court cannot sustain the IEP created when the parents lacked the evaluation information.

The parents were also deprived of meaningful involvement due to the "blanket policy." In *ASD v. M.P.*, the Superior Court of Alaska held that a policy driven process denied a child an appropriate program because it denied the parents meaningful involvement in the development of the IEP.  *ASD v. M.P.*, pg. 15-16. Similarly, here, the IHO and the District mistakenly relied on the "blanket policy" as a shield for the procedural violations that occurred. This is wrong. Prior Written Notice is a procedural protection, not a shield for the District. Parents must get Prior Written Notice a "reasonable time" before the district "proposes to initiate or change the identification, evaluation or educational placement of the child or the provision of FAPE to the child or refuses to initiate or change the identification, evaluation or educational placement of the

A.M. v. F.S.D                                                                                                    Page 7 of 9
Case No. 05-0179cv
Plaintiffs' Reply to Defendants' Response
to Plaintiffs' Motion for Summary Judgment

child or the provision of FAPE to the child. 34 C.F.R. 300.503(a). The District did not provide a description of the action refused – a full day. The District did not explain why - except that it was "impossible." The District did not consider any other options. The District did not cite any such evaluation procedure, test, record or report at the time of the initial placement into Weller, or in October of 2004. Only belatedly, at hearing and with its brief before this Court, has the District claimed that A.M. didn't need a full-day program. Parents have a right to know what the District relied upon and here, the District did not have anything to rely upon. Finally, the only other factor was the District's "blanket policy" prohibiting more than a 13 hours week for a preschooler with a disability. The District's failure to openly admit this policy is illegal and denied the parents a fair way to be involved in the IEP team process. Had they truly understood this policy as opposed to just a question of "impossibility" they could have challenged it, or said it should not apply to A.M. for some reason. *ASD v. M.P.*, supra. Without this information, they were at a disadvantage once again. The District's failure to meet the procedural requirements along with the "blanket policy" denied A.M. a FAPE. *M.L. v. Federal Way*, *Christopher S. v. Stanislaus County*, supra.

## CONCLUSION

The Court must reverse, finding that the IHO erred as a matter of law in failing to find that the District denied A.M. a free appropriate public education.

Respectfully submitted this 2nd day of May, 2006.

_____/s Sonja D. Kerr_____
SONJA D. KERR (AK BAR NO. 040091)
DISABILITY LAW CENTER OF
ALASKA
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503

A.M. v. F.S.D                                                                                          Page 8 of 9
Case No. 05-0179cv
Plaintiffs' Reply to Defendants' Response
to Plaintiffs' Motion for Summary Judgment

Telephone: (800)478-1234/907-565-1002
Fax: 907-565-1000
Email: skerr@dlcak.org

Certificate of service

I hereby certify that on the 2nd day
of May 2006, a true and correct
copy of this document was served
electronically on:
Bradley Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503
 s/ Sonja D. Kerr
Sonja D. Kerr