Sonja D. Kerr (AK BAR NO. 0409051)
The Disability Law Center of Alaska
3330 Arctic Blvd., Suite 220
Anchorage, AK 99503
907-565-1002
907-565-1000 Fax
skerr@dlcak.org

### UNITED STATES DISTRICT COURT

### FOR THE STATE OF ALASKA

| | |
|---|---|
| A.M. et al.<br>        Plaintiffs,<br>    vs.<br><br>Fairbanks North Star Borough<br>School District,<br>        Defendants. | Case No. A05-0179 CV (TMB)<br><br><br><br>**Plaintiff's Response to Defendant's**<br>**Motion for Miscellaneous Relief**<br>**Request for Clarification** |

### INTRODUCTION

On May 11, 2006, Defendants filed a Motion for Miscellaneous Relief (Request for Clarification). Plaintiffs' response is below.

### FACTS

Defendants completely ignore a critical procedural fact in this case which is the initial order of Judge Sedgwick in the case. Consistent with LR 7.1(e), the Court set forth the briefing schedule and time limits for same. That order set forth a briefing schedule which required Plaintiff to file his opening brief, Defendant to file a response brief, and allowed Plaintiffs to file a reply brief. *Order of the Court, November 1, 2005.* Although the parties stipulated to various extensions to submit briefs, which the Court approved, the briefing schedule – akin to an appeal process – was never modified or changed by the Court. Instead of following the Court's Order of Plaintiff opening brief,

A.M. v. F.S.D. Case No. A05-0179 CV (TMB)                                                    Page 1 of 3
Plaintiff's Response to Defendant's
Motion for Miscellaneous Relief
Request for Clarification

Defendant's response and Plaintiff's reply, Defendant's filed a "cross-motion for summary judgment" along with what appeared to be their response to Plaintiff's opening brief. Plaintiffs' moved to strike the impermissible cross-motion. Defendants have now filed this motion for clarification with the Court.

## ARGUMENT

I. **DEFENDANT'S MOTION FOR CLARIFICATION SHOULD BE DENIED**.

Defendant's request the Court to "clarify the briefing schedule on the District's cross-motion for summary judgment." (Def. Motion, pg. 2) The proposed motion does not meet the standards required by FRCP Rule 7 or D. Ak. LR 7. The proposed motion did not include a proposed order that is specific and not subject to interpretation. The proposed motion contains no points and authorities. D. Ak LR 7.1(a)(2). Notably, D. Ak LR 7.1(d)(2) provides that no unopposed motion for summary judgment will be granted unless the court is satisfied that there are no disputed issues of material fact and that the moving party is entitled to a decision as a matter of law. Given the deficiencies in the filing, as well as the fact that there are clearly disputed issues of material fact, Defendants motion must be denied and the cross-motion must be denied. Defendants had the opportunity before Judge Sedgwick to raise their desire to file a cross-motion and did not do so. Nor did they request, at any time, that the Court modify the November 2005 order as to the process (though both parties agreed to various stipulations of dates for submission of briefs). If the Defendants wanted the briefing process to be different than the typical – opening brief, response and reply, -- they had the duty to bring that forward to the Court before briefing began, - not making assumptions in the middle of the briefing schedule and not simply adopt what they

A.M. v. F.S.D. Case No. A05-0179 CV (TMB)                                Page 2 of 3
Plaintiff's Response to Defendant's
Motion for Miscellaneous Relief
Request for Clarification

believed to be the process. FRCP Rule 56 does not suggest that surprising the other side with a cross-motion for summary judgment – especially where, as here, the briefing process has been set- is fair to the appealing party. While cross-motions may be appropriate in an IDEA context, they were <u>not</u> ordered in this instance. This procedural dilemma is unfair to the Plaintiffs, which essentially gives Defendants "the last word" if the process of cross-motions as suggested by Defendants is followed. This is contrary to the usual practice of an appeal proceeding, which gives the appellant the final brief. In this case, the Court cannot grant summary judgment to the Defendants when the Plaintiffs were under the clear impression – due to the Court's November 1, 2005 order- that the only briefing was to be in the appeal process format. Plaintiffs complied with the Court's order and the Defendant's effort to file a separate "cross-motion", outside of the briefing schedule, is not permissible under the Court's November 2005 order.

Plaintiffs believe that a brief status conference with the Court could perhaps resolve any confusion but do not believe that a separate "cross-motion" is permissible under the original scheduling order issued.

Dated this 22nd day of May, 2006.

/s Sonja D. Kerr
Sonja D. Kerr, #0409051
Disability Law Ctr of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
(907) 565-1002
(907) 565-1000 Fax
skerr@dlcak.org

<u>Certificate of Service</u>
I hereby certify that on the 22nd day
Of May 2006, a true and correct
copy of this document was served
electronically on:

Bradley Owens
Jermain Dunnagan & Owens, PC
3000 A Street, Suite 300
Anchorage, AK 99503

<u>/s Sonja D. Kerr</u>
      Sonja D. Kerr

A.M. v. F.S.D. Case No. A05-0179 CV (TMB)                                              Page 3 of 3
Plaintiff's Response to Defendant's
Motion for Miscellaneous Relief
Request for Clarification